**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2019*
Decided February 11, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-3483

| | |
|---|---|
| LARRY B. RUBIN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 18 CV 06332 |
| HECTOR SANCHEZ, et al., | |
| *Defendants-Appellees*. | John J. Tharp, Jr., *Judge*. |

## O R D E R

Larry Rubin brought this civil-rights suit against the Illinois Department of Human Rights and two of its employees for inadequately investigating his report of discrimination. See 42 U.S.C. § 1983. The district court dismissed Rubin's amended complaint for failure to state a claim. We affirm.

---

* The defendants-appellees were not served in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Rubin alleged that he was the victim of a hate crime. Unwilling to report the crime to police, Rubin called 311 (Chicago's call center that provides access to non-emergency municipal services) to report the incident, but he says that the 311-operator refused to record his call upon learning that he is Jewish. Rubin then attempted to report the operator's conduct to the Department of Human Rights, but for months received no response. When he placed phone calls to the Department six months later, he was told on separate occasions only that his report was under review. Rubin alleges that the Department and the two employees who fielded his calls discriminated against him, and he seeks damages for his emotional distress.

At screening, 28 U.S.C. § 1915(e)(2), the district court dismissed Rubin's complaint without prejudice because the Department—a state agency—was not a suable "person" under § 1983 and was otherwise entitled to Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66–70 (1989); *Thomas v. Illinois,* 697 F.3d 612, 613 (7th Cir. 2012). As for the individual defendants, the court pointed out that Rubin did not specify that he was suing them in their individual capacities (they would not be suable persons in their official capacities) but, even if he had, the complaint failed to allege that either defendant had any personal involvement with the asserted violation.

Rubin amended his complaint to state that the two Department employees, in their individual capacities, intentionally violated his constitutional rights when they refused to "adequately" investigate his report because he is Jewish. The district court regarded these allegations as conclusory and dismissed the complaint with prejudice. The court explained that Rubin did not provide any facts to support a plausible inference that the defendants were personally involved with the investigation or that the investigation was somehow inferior because he is Jewish.

On appeal, Rubin maintains that his complaint stated a claim. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Rubin did not assert a single fact to plausibly suggest that the Department's employees acted out of animus toward him because he was Jewish. See *Sherwin Manor Nursing Ctr., Inc. v. McAuliffe,* 37 F.3d 1216, 1221 (7th Cir. 1994) (plaintiff presented cognizable § 1983 claim when he alleged he "was subjected to differential treatment by the state surveyors based upon the surveyors' anti-Semitic animus.") His allegations about the individual defendants' motives are insufficient because they do not rise "above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Rubin lastly asserts that the district court was motivated by anti-Semitism when it ruled against him. But an adverse ruling alone cannot demonstrate judicial bias. See *United States v. Betts-Gaston*, 860 F.3d 525, 538 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 689 (2018). We have considered Rubin's remaining arguments and none has merit.

AFFIRMED